DUTCHER, Defendant in Error, v. HILL, Plaintiff in Error.

1. In proceedings under the act relating to insane persons to subject the person and estate of an alleged lunatic to control of a guardian and the county court, the alleged insane person should have notice of the proceedings, or the county court should cause him to be brought before the court, or it should appear upon the record of such proceedings why such notice was not given or such attendance required.

2. Where a guardian of an insane person has been appointed by a county court, and the guardian has under the sanction of the court sold the land of such insane person, the validity of this sale can not be called in question in a collateral proceeding on the ground that notice of the inquisition was not given to the alleged lunatic.

3. Where a guardian of an insane person has been appointed by the county court, and the lunatic afterwards applies to the court to be relieved from the custody of the guardian on the ground that he has been restored to reason, this will be taken as an admission that the proceedings against him were valid, and he can not afterwards object in a collateral proceeding that the inquisition was irregular and void for want of notice to him.

*Error to Moniteau Circuit Court.*

This was an action in the nature of an action in ejectment for the possession of certain lands in Moniteau county. The plaintiff is Charles Dutcher. The defendant claimed title by virtue of a deed executed by one Reuben Dutcher as guardian of the plaintiff. The defendant read in evidence the proceedings of the county court upon the inquisition into the sanity of the plaintiff, and the sale of the land. It did not appear that Charles Dutcher had notice of the inquisition. In all other respects the proceedings were regular, and the

sale was regular and had the sanction of the county court. It was in evidence that after this sale and before the institution of this suit, Charles Dutcher, the plaintiff, had in due form of law been declared of sound mind, and restored to the management of his own affairs.

The defendant asked the court to give the following declaration of law : " Although the plaintiff may not have had notice of the proceedings had in the probate court of Moniteau county, by which he was declared of unsound mind and incapable of managing his own affairs, still, if said proceedings were regular in all other respects, the finding of the court ought to be for the defendant." The court refused so to declare ; there were no other instructions asked. The court found a verdict for the plaintiff.

*Parsons*, for plaintiff in error.

I. No notice was required. (1 Ashm. 82 ; Southcote's case, 1 Ambl. 112 ; *Ex parte* Hall, 7 Ves. 264.) The court should have given the instruction asked.

*Ross & Ewing*, for defendant in error.

I. The proceedings declaring Charles Dutcher an insane person are void for want of jurisdiction. There was no notice given. Notice must be given in all judicial proceedings. (See Blackwell on Tax Titles, 251.) The notice must appear by the record. (20 Mo. 238 ; 14 Mo. 83 ; 7 Mo. 463.) The validity of the proceedings can be questioned collaterally. (10 Mo. 771 ; 1 Burr. 447 ; 3 Denio, 595 ; 3 Ala. 287 ; 2 Engl. 390 ; 15 Wend. 374.) The court properly refused the instruction. (See Eddy v. The People, 15 Ill. 386 ; Chase v. Hathaway, 14 Mass. 222 ; 1 Barb. Ch. 39 ; 2 Hoffm. Ch. Pr. 253 ; 4 Mason, 121.)

SCOTT, Judge, delivered the opinion of the court.

The plaintiff was found to be a lunatic under the statute concerning insane persons. A guardian was thereupon appointed for his person and estate, who, proceeding in con-

formity to law, procured an order for the sale of the real estate of the lunatic for the payment of his debts. His land was accordingly sold and conveyed by the guardian, whose proceedings were approved. This suit is brought by the lunatic to recover a portion of the land thus sold. It is an action of ejectment, and is founded on the ground that there was no notice to the lunatic of the inquisition by which he was found such.

The statute is silent on the subject of notice to the lunatic; but directs that, in proceedings under it, the county court may, in its discretion, cause the person alleged to be of unsound mind to be brought before the court. Whether this provision is a substitute for the notice and was designed to leave it to the discretion of the court whether the alleged lunatic should have notice and should be present at the making of the inquisition, we will not determine, as on any construction of the statute we are of opinion it should appear from the proceedings why the notice was not given, or the attendance of the person of unsound mind required. On general principles, persons should have notice of proceedings in courts by which their rights are to be affected, otherwise those proceedings will not bind them. Judgments rendered without notice are not binding. If the regularity of these proceedings had been questioned in a direct proceeding, no doubt it should have been corrected; but after considerable examination we have not been able to find a single case in which it has been held that the validity of a sale of the land of a supposed lunatic made by his guardian can be attached in a collateral proceeding on the ground of the want of notice of taking the inquisition by which the supposed lunatic was found to be such. The cases of Willis v. Willis, 12 Penn. State, 159, and of Bethea v. McLemon, 1 Iredell, 523, on the contrary, maintain that the want of such notice can not be taken advantage of in a collateral action. These cases do not appear to have been determined with reference to the local laws of those states, but on general principles. This case is an attempt to carry further the

principle, that a judgment against a party without notice is void. Here an irregularity occurred in appointing an agent, trustee, or officer, of which advantage might be taken by appeal or writ of error. After his appointment, the agent instituted proceedings in conformity to law to have an estate sold, which was sold accordingly. Now the party affected by the improper appointment of the agent would have the proceeding for the sale of the land declared null and void, to the injury of an innocent purchaser, although that proceeding in itself is all regular, and its imperfection grows out of a matter entirely collateral to it.

The proceedings under the law concerning insane persons are not like a final judgment, which is unalterable after the end of the term at which it was rendered. They are *in fieri*, like a cause pending; and irregularities in them, or defects of the record, may be obviated at any time so long as the lunatic is under the control of the guardian appointed for him. It was competent to the court to discharge the lunatic at any time from the care and custody of his guardian, so soon as it was informed of the irregularity of the proceeding. If, instead of demanding to have the proceedings set aside by reason of their irregularity, by which the record might have been amended so as to show that there was no cause of complaint, the plaintiff came into court and asked to be relieved from the custody of the guardian appointed for him on the ground that he had been restored to his reason, he thereby made a solemn admission of record that the proceedings against him were valid, and he should not now be permitted to say that they were otherwise, and thus take advantage of his neglect to object to the proceedings, when, if the objection had been made, the record might have been amended so as to remove the ground of his complaint. And this argument answers the objection that the plaintiff had no notice of the proceedings so that he could not appeal or take a writ of error. For, although he did not appear until after the land had been sold, yet, when he did appear, he acknowledged the validity of the proceedings under which it was

sold; and having obtained the advantage he proposed by this admission, he should not now be permitted to retract it, to the prejudice of an innocent purchaser.

If all the proceedings in relation to the lunatic are looked upon as composing one record, as they should be, we can not say that upon that record the plaintiff can now sustain an objection to the regularity of the inquisition.

Judgment reversed.