THE STATE OF MISSOURI *ex rel.* CHRISTIAN KIEL, Respondent,
*v.* WILLIAM E. BAIRD, Appellant.

1. *Quo Warranto — Public office — Vacancy, power of County Court as to.—* Where one had been duly elected to a public office, had duly qualified and had entered upon its duties, and his term of office had not expired, but he had been unable to attend to its duties for a period of fifty days: *held,* that

the County Court had no authority under the statute (Gen. Stat. 1865, p. 226, § 4) to declare the office vacant and fill it by appointment. This statute confers no jurisdiction upon the County Court to act in the premises until a vacancy actually exists.

2. *Insanity, how ascertained.*—The statutes provide for an inquiry into cases of alleged insanity, and enact a mode of proceeding by jury. An action of the County Court declaring a public office vacant by reason of the insanity of the incumbent, where this mode was not adopted, was unwarranted by law.

*Appeal from First District Court.*

*Draffen & Muir*, with *McMillan*, for appellant.

I. Appellant, Baird, was in possession of the office of treasurer at the time respondent filed his information, and held said office in virtue of a regular commission issued by the County Court, and the court below was bound to presume that said commission was valid, in the absence of evidence to show that it was invalid. (State v. Kupferle, 44 Mo. 154.)

II. The evidence offered by appellant, to prove that the relator was insane at the time of his removal, should have been admitted. If he was in fact then insane, he was in effect civilly dead, and the court had the right, in order to protect the interests of the county, to appoint another person. (Gen. Stat. 1865, p. 226, § 4.)

*J. W. Moore* and *Adams & Sons*, with *Hayden & Thompson*, for respondent.

I. The action of the County Court of Cooper county, based upon the information of the county attorney, was not to remove Kiel from office, but to declare that a vacancy existed, as a matter of law, upon the facts stated in the information. The court declared that a vacancy existed. This they had no right to do. The facts did not show that any vacancy existed. By the statute Kiel's term of office was to continue for two years, and until his successor should be elected and qualified, unless sooner removed from office. He had not removed from the county, and he had not resigned. He was and is still alive, and never has in any manner whatever vacated his office. Therefore the County Court had no right to declare his office vacant, and to appoint another

to the same office then held and filled by him. (Gen. Stat. 1865, p. 226, §§ 1, 4, 18, etc.; Stadler v. Detroit City, 4 Am. Law Reg., N. S., 574; State *ex rel.* Blenkenship v. County Court of Texas County, 44 Mo. 231.)

II. The officer could not be removed on the ground of insanity without having this question first inquired into by a jury, and verdict rendered to that effect. The statute points out how this is to be done, which is by a direct proceeding, and not by a collateral proceeding of this kind.

III. Sickness is no cause for the removal or punishment of a county treasurer. (Gen. Stat. 1865, p. 265, § 33.)

CURRIER, Judge, delivered the opinion of the court.

This is a *quo warranto* proceeding. The information shows and the answer admits that Kiel, the relator, was duly elected treasurer of Cooper county in 1868, and that he duly qualified and assumed the duties of that office. He was elected for a term of two years. It further appears that the attorney for Cooper county, in December, 1869, presented to the County Court of that county an information in which he alleged that Kiel had then been unable to attend to the duties of the office for a period of fifty days; that he was not likely to be in a condition to resume his official duties for some time, and that the interests of the county required immediate attention on the part of a competent officer. On the basis of that information the County Court proceeded to inquire into the case *ex parte*, and, as a result of such examination, declared the office of treasurer of Cooper county vacant, and thereupon appointed defendant to the office and commissioned him accordingly.

Where is the legal warrant for these proceedings? We are referred to the statute (Gen. Stat. 1865, p. 226, § 4), which provides as follows: "In case of vacancy in the office of treasurer, by death, resignation, removal, or otherwise, it shall be the duty of the County Court of the proper county to fill such vacancy by appointment." This statute authorizes the County Court to fill an existing vacancy, but confers upon the court no power to create the vacancy it is to supply. The statute cited confers no

jurisdiction upon the County Court to act in the premises until a vacancy actually exists. The pleadings show that there was no vacancy in the office at the time the court assumed to act. The complaint of the county attorney is that the relator occupied the office but neglected its duties. That is the substance of his averments.

At the trial in the Circuit Court the defendant offered oral evidence which tended to show that the relator was affected with a malady which caused temporary insanity. The statute provides for an inquiry into cases of alleged insanity, and enacts a mode of proceeding by jury. That method of investigation was not adopted.

The action of the County Court was arbitrary and unwarranted by law. The judgment of the court below, ousting the defendant, must therefore be affirmed. The other judges concur.