CHARLES KIEHNE, Executor of the Estate of Christian Schlue, Appellant, v. AUGUST WESSELL, Respondent.

| 53 | 667 |
|----|-----|
| 84 | 337 |
| 53 | 667 |
| 167s | 175 |

St. Louis Court of Appeals, April 18, 1893.

1. **Insane Persons:** VALIDITY OF INQUIRY. Under the General Statutes of 1865 an inquiry of lunacy was required to be had by jury, and a finding of lunacy by the court without the intervention of a jury was void for want of jurisdiction.

2. ———: SUFFICIENCY OF VERDICT. A verdict by a jury on such an inquisition that the subject of the inquiry is insane, while informal, sufficiently implies an incapacity on his part to manage his own affairs so as to warrant the appointment of a guardian for him, so far as third persons are concerned, and to render contracts made by him without the consent of his guardian invảːid under the statute. ·

3. ———: INVALIDITY OF CONTRACTS. The adjudication of lunacy renders subsequent contracts by the lunatic invalid, whether he has a guardian or not; and while it stands, that is, in the absence of a decree of restoration, it is conclusive, so that its effect on the contracts of the insane person cannot be overcome by proof that he has become capable of managing his own affairs.

*Appeal from the Cape Girardeau Court of Common Pleas.*—HON. J. W. LIMBAUGH, Special Judge.

AFFIRMED.

*Wilson Cramer*, for appellant.

*John A. Snider*, for respondent.

ROMBAUER, P. J.—This action is brought to recover a balance due on a promissory note, executed by the defendant on January 1, 1888, and payable to the plaintiff's testator. The note was secured by deed of trust, and the balance sued for is the residue after exhausting the security. The defense interposed by Henry Wessell, as guardian of the person and estate of the defendant, was that at the date of the execution of said note the defendant was a person of unsound mind and incapable of managing his own affairs, and not of sufficient strength of mind to transact his ordinary business. The court, upon the trial of the cause, declared that certain records, introduced by the defendant's guardian to establish the fact of insanity, were conclusive on that question. It, therefore, ruled out all evidence which the plaintiff offered to rebut the proof of insanity contained in these records, and directed the jury to find a verdict for the defendant. The plaintiff, appealing, complains of these rulings of the court.

It appeared by the first record offered in evidence that, on July 17, 1871, the county court of Cape Girardeau county adjudged the defendant insane and

a fit subject to go to the lunatic asylum. It did not appear by this record that the inquiry of lunacy was had before a jury, or that the defendant was notified thereof, or that he was present in court. Nor did the record show why such notice or attendance was not required. The objections as to notice were sufficient to show that the proceedings were irregular, and the inquiry could have been vacated for that reason by the alleged lunatic. *Dutcher v. Hill*, 29 Mo. 271; *In re Marquis*, 85 Mo. 615; *Crow v. Meyersieck*, 88 Mo. 411. The fact, however, that the inquiry was had by the court and not by a jury, rendered the proceeding *coram non judice* and void. General Statutes, 1865, sec. 1, p. 234; *State ex rel. v. Baird*, 47 Mo. 301. The court, therefore, erred in not ruling out this record when offered in evidence.

This error, however, in view of subsequent proceedings was non-prejudicial. It appeared that the defendant was, in November, 1872, again brought before the county court upon an information as to his sanity. The inquiry upon this second information was tried by a jury as required by statute, who found from the testimony that "August Wessell is insane;" whereupon, as the record recites, the court adjudged that August Wessell was not restored to his sanity, and incapable of managing his own affairs. This record was read without objection, and was sufficient to establish an adjudication of lunacy. The objection now urged, not to its admissibility but to its probative force, is the informal verdict of the jury, on which it is claimed the court had no power to appoint a guardian under section 5, page 235, of the General Statutes of 1865, then in force. The verdict was unquestionably informal, yet a finding of insanity sufficiently implies an incapacity on the part of the lunatic to manage his own affairs, so as to warrant the appointment of a

guardian for him, and, where he himself does not object, other persons should not be heard to object that the appointment was unwarranted. The statute, as it stood at the date of this inquiry and ever since, provided that no contract of any person found to be of unsound mind, as hereinbefore specified, which shall be made without the consent of his guardian, shall be valid and binding. General Statutes, 1865, p. 237, sec. 32; Revised Statutes, 1889, sec. 5542.

The defendant also gave evidence that, at the November term, 1873, of the probate court of Cape Girardeau county, the guardian appointed for the defendant was finally discharged. It nowhere appears, however, that any inquiry was ever had adjudicating upon the subsequent sanity of defendant, and his guardian appears to have been discharged only because the funds of the estate were exhausted. The note in suit was executed in January, 1888, when the defendant had no guardian, but in April, 1889, the present guardian was appointed for the defendant upon the authority of the former records establishing his lunacy, thus negativing any inference of his intermediate official restoration.

The rule at common law is that insanity once proved to have existed is presumed to continue, unless it was accidental or temporary in its nature, as where it was occasioned by violence or disease. 2 Greenleaf on Evidence, sec. 371; *Hix v. Whittemore*, 4 Metc. (Mass.) 545; Shelford on Lunacy, 275 (2 Law Lib. 175). The plaintiff offered no evidence that the defendant's insanity in this case was due to temporary causes. The rule under the statute makes this presumption conclusive in the case of an *adjudication of lunacy*, as was held by the supreme court in *Rannells v. Garner*, 80 Mo. 474. In that case Sherwood, J., cites with approval *Imhoff v. Whitmer*, 31 Pa. St. 243, where it is

said that, after inquisition, the fact of lunacy cannot be controverted by evidence of lucid intervals at the moment of contraction. So doing "would leave the estates of these unfortunate classes about as much exposed as before proceedings had in regard to them. The inquisition and decree, standing of record, was intended for notice to all the world of the incapacity of the particular party to contract. It is the judgment of the law to this effect, and, as a consequence, his acts in regard to his property are absolutely void while the condition exists." This view gains additional foᵣce by the provisions of section 5542 of the Revised Statutes of 1889, above set out, which in effect provides that the contract of a lunatic, made after adjudication of lunacy, has no legal validity. We must, therefore, conclude that the court committed no error in ruling out the evidence which the plaintiff offered, tending to show that between 1873 and 1889 the defendant had no guardian, and did manage his own affairs and was capable of managing his own affairs. The adjudication of lunacy renders contracts thereafter entered into by the lunatic invalid, regardless of the fact whether he has a guardian or not.

We have not lost sight of the distinction between executory and executed contracts of insane persons, which is recognized at common law, and which measurably must be recognized under the statute likewise. Insanity is no shield for fraud and cannot be used as such. Where the insane person receives value for his promise, his guardian must return the value in repudiating the promise. 2 Greenleaf on Evidence, sec. 369. In the case at bar, however, it does not appear what value, if any, was received by the defendant for the promise, except a statement in respondent's brief that the note was given in payment for the land which was sold out under a deed of trust, leaving the balance sued

Kiehne v. Wessell.

for, and that the plaintiff purchased said land at trustee's sale. If such be the fact, whatever consideration he defendant has received for his promise has already been restored to the plaintiff, and the decree of the court only leaves the parties where they were before the contract was made. There is nothing in the record to show that any other value was received.

The judgment is affirmed. All concur.