THE STATE EX REL. JOHN R. BARTLETT, Guardian of Person and Estate of DANIEL M. BARTLETT, v. J. G. LITTRELL, Judge of Probate Court of Livingston County.—26 S. W. (2d) 768.

Court en Banc, April 8, 1930.

*Franken & Timmons* for relator.

*Davis & Ashby, Amos D. Short* and *Guy Whiteman* for respondent.

GANTT, J.—Original proceeding in prohibition, at issue on the petition, return and a motion for judgment on the pleadings. The facts follow:

On information filed in the Probate Court of Carroll County on October 30, 1922, Daniel M. Bartlett was adjudged a person of unsound mind and incapable of managing his affairs. He did not appear in person or by attorney, and the court appointed an attorney to represent him. John R. Bartlett, his father, was appointed

guardian of his person and estate. He qualified and is acting as such under said appointment.

After release from the asylum, and on July 13, 1928, Daniel and his uncle, W. T. Singleton, filed in the Probate Court of Carroll County their joint allegation in writing, verified by oath, alleging that Daniel had been declared by that court to be of unsound mind and that he has been restored to his right mind, is now capable of managing his affairs and praying for an inquiry in that behalf. Thereupon, the court set the case for hearing on July 19, 1928. On application of the attorneys for Daniel and John ·R. Bartlett, the case was continued to August 8, 1928. At that time, the parties appearing in person and by attorneys, the cause was heard and the court found ''that the said Daniel M. Bartlett is not restored to his right mind and is not now a person of sound mind and capable of managing his affairs.''

This condition continued undisturbed until May 31, 1929, when an information was filed in the Probate Court of Livingston County alleging that Daniel M. Bartlett was a resident of said county, a person of unsound mind, incapable of managing his affairs, and praying for an inquiry. The cause was set for hearing in said court on June 6, 1929. Daniel was duly and legally notified, and on said day appeared in person and by attorney. At that time the cause was heard and the court found that Daniel was a resident of Livingston County, of unsound mind and incapable of managing his affairs. Joseph J. Shy was appointed curator and guardian of the person and estate of said Bartlett, and qualified as such.

Upon learning of this proceeding, John R. Bartlett, by motion in said court, challenged its jurisdiction on the ground that the jurisdiction was in the Probate Court of Carroll County. The motion was overruled, and the Probate Court of Livingston County will proceed to administer said estate, unless prohibited by this court. John R. Bartlett, acting as guardian by appointment of the Probate Court of Carroll County, then sought relief here, and our provisional rule was issued.

It follows that the issue here is whether the Probate Court of Carroll County or the Probate Court of Livingston County has jurisdiction to administer the estate of said Bartlett.

Relator concedes that the judgment of the Probate Court of Carroll County adjudging Daniel to be of unsound mind and appointing a guardian of his person and estate is void for the reason the notice of the proceeding served on him did not notify him of his right to be present in person at the hearing and to be assisted by counsel, citing Ruckert v. Moore, 317 Mo. 228, 295 S. W. 794; State ex rel. v. Satterfield, 274 S. W. 482; State ex rel. v. Hodgdon, 251 S. W. 131; State ex rel. v. Guinotte, 282 S. W. 68.

While so conceding, relator contends that the jurisdiction of the Probate Court of Carroll County was fixed by Daniel instituting in that court the proceeding for an inquiry to determine if he had been restored to his right mind.

In Dutcher v. Hill, 29 Mo. 271, we held that a ward by coming into court and alleging that he had been restored to his right mind, and praying for an inquiry, thereby admitted of record that the proceedings against him were valid, and he should not thereafter be permitted to question the validity thereof.

In Hunt v. Searcy, 167 Mo. 158, 67 S. W. 206, we overruled that part of the opinion in the Dutcher case, holding that a failure of notice to a person proceeded against in an insanity proceeding was only an irregularity and not a denial of due process. We also therein criticized that part of the opinion in Kiehne v. Wessell, 53 Mo. App. 667, holding that an adjudication that the ward had not been restored to his right mind was an original adjudication of insanity.

That part of the opinion in the Dutcher case holding that the proceeding to determine if the petitioner had been restored to his right mind was an admission of record that the original proceeding against him was valid, has not been overruled.

In ruling the question in Cornett v. Cornett, 81 N. W. (Mich.) 920, it is said:

"The circuit judge was of the opinion that the complainant should be held to have voluntarily submitted to and invoked the jurisdiction of the probate court, with full knowledge of all the facts, and should be held estopped from complaining of the fraud or jurisdictional defects set up in the bill. In this conclusion of the learned circuit judge we concur. The proceeding by complainant in probate court was taken under Section 8724, Comp. Laws 1897, which provides, 'The guardian of any minor, spendthrift, insane person or other person may be discharged by the judge of probate when it shall appear to him on application of the ward or otherwise that such guardian is no longer necessary.' The application under this provision must, of necessity, assume the fact of guardianship. The statute designates only those who are under guardianship as the ones who are entitled to proceed under it. A proceeding under this section is therefore entirely inconsistent with a claim that no guardianship existed. The claim that no cause existed for appointing a guardian in the first instance, or that the court was imposed upon, if established in a proper proceeding, would have fixed the status of the complainant for the future, without the necessity of any proceeding under this statute. When such a proceeding is taken, it must be held that it precludes the ward from going back and attacking the original appointment."

And the question has been so ruled in Logue v. Fenning, 29 D. C. App. 519, l. c. 527; Moats v. Moore, 199 Ill. App. 270, l. c. 276; Bishop v. Welch, 149 Ill. App. 491, l. c. 498.

With the rule in mind, we now consider the instant case. The judgment of insanity being void, Daniel was *sui juris*. [State ex rel. v. Williams, 316 Mo. 665, 291 S. W. 481.] He was notified in writing of the proceeding and must be charged with knowledge of the insufficiency of the notice and the invalidity of the judgment. He must also be charged with knowledge of the presumption of insanity attending a proceeding to determine if a ward has been restored to his right mind. Under these circumstances he could have proceeded against the person appointed as guardian, but he elected to proceed in the probate court under Section 489, Revised Statutes 1919, to be released from the custody of the guardian and to recover his property. The section follows:

"If any person shall file in the probate court of any county in this State an allegation in writing, verified by oath or affirmation, that any person who has heretofore been declared by such court to be of unsound mind, or insane, has been restored to his right mind, the court shall hold an inquiry as to the sanity of such person: . . ."

The case was set for hearing and the person appointed as guardian notified of the proceeding. By agreement a continuance was had to August 9, 1928, when, on hearing the cause, the court found that Daniel had not been restored to his right mind. It will be noted that a proceeding under said section assumes a valid proceeding under Section 444, Revised Statutes 1919, adjudging the person informed against to be of unsound mind, and "is inconsistent with the claim of no guardianship." Having elected to proceed under Section 489, we must hold that he could not after judgment in that proceeding question the validity of the judgment in the original proceeding. In this situation he was and is a ward of the Probate Court of Carroll County and the Probate Court of Livingston County was without jurisdiction to entertain a proceeding as to the insanity of Daniel.

Its orders and judgments attempting to control the person of Daniel and administer his estate are void and said court and the respondent judge thereof should be prohibited from further proceeding in the cause. Being courts of coordinate jurisdiction, prohibition is a proper remedy. [State ex rel. v. Reynolds, 209 Mo. 161, 107 S. W. 487; State ex rel. v. Gideon, 215 Mo. App. 46, 237 S. W. 220; State ex rel. v. Latshaw, 291 Mo. 592, 237 S. W. 770; State ex rel. v. Seehorn, 246 Mo. 541, l. c. 585, 151 S. W. 716.]

It follows that our provisional rule is made absolute and our writ awarded. All concur.