STATE OF MISSOURI EX REL. ELMIRA TOWNSEND ET AL., Relators, v. FRED E. MUELLER, Judge of the Circuit Court of St. Louis County, Division Number Three.—51 S. W. (2d) 8.

Court en Banc, June 3, 1932.

*Taylor R. Young, S. A. Boggiano* and *Abbott, Fauntleroy, Cullen & Edwards* for relators.

*Wurdeman, Stevens & Hoester, Robert B. Denny* and *Jos. A. Falzone* for respondent.

WHITE, J.—In January, 1932, Elmira Townsend, Charlotte Louise Welborn and Ella F. Bolles filed in this court a petition praying for a writ against Judge MUELLER of the Circuit Court of St. Louis County to prohibit him for lack of jurisdiction from proceeding with a case on appeal from a judgment rendered November 27, 1931, by

the Probate Court of St. Louis County, on an information filed by William B. MacBride, adjudging Hugh W. Thomasson insane and appointing Edward W. Terry, Public Administrator and *ex-officio* public guardian, to take charge of his person and estate.

Respondent, Judge MUELLER, waived service of the preliminary rule, entered his appearance and filed his return. To that return the relators filed a demurrer so that this case turns upon the pleadings, the facts stated in the petition and not denied in the return.

The petition is of great length and contains much irrelevant matter, some of it involved with facts pertinent to the issues. Respondent has filed a motion to strike out nearly all the petition, but the motion fails to set out with accuracy the parts moved to be stricken. We can very well consider the relevant matter without embarrassment from the irrelevant. The motion is therefore overruled.

In several paragraphs the petition describes numerous tracts of real estate owned by Thomasson; alleges that Grace Mahood caused Thomasson to enter a pretended marriage agreement with her; that she obtained from him certain sums of money, caused him to convey certain real estate to a third person in trust for her and to incumber other tracts with deeds of trust, one of which secured notes aggregating $125,000, with Wilfred Jones, trustee; another to secure the payment to Ella F. Bolles $1,200 a year for her life.

That May 19, 1931, Thomasson, "by direction of said Grace Mahood and G. A. Wurdeman, executed two notes for $2,500 to secure which she caused Thomasson and herself to execute a deed of trust upon three of the tracts described; that said notes are now *held by said Wurdeman for legal services rendered to Ella F. Bolles in the* Probate Court of St. Louis County in February and March, 1931, in her efforts to have Thomasson adjudged insane.

Then follow paragraphs alleging the information filed October 7, 1931, by Elmira Townsend in the Probate Court of the City of St. Louis, seeking to have Thomasson adjudged insane.

That the Probate Court of the City of St. Louis "investigated and heard testimony and became satisfied that there was good cause for the exercise of its jurisdiction and did make an order that the facts alleged in said information be inquired into" and thereafter caused notice to be issued in accordance with Section 450, Revised Statutes 1929; that the Sheriff of the City of St. Louis made an attempt to serve said notice but returned same *non est;* that such a notice was issued to the Sheriff of St. Louis County with a like return; that thereafter a notice of publication to said Thomasson was ordered and published, the petition then proceeds:

"That on or about the 27th day of September, 1931, the said probate court issued an alias notice as provided by Section 450, Revised Statutes, Missouri, 1929, to the Sheriff of the City of St. Louis to serve

upon the said Thomasson, and on the 28th day of November, 1931, said Sheriff of the City of St. Louis made return showing that said writ had been duly served upon said Hugh W. Thomasson, notifying him and commanding him to be present upon the 7th day of December, 1931, in said probate court," etc.

The petition then alleges the filing by MacBride November 27, 1931, of information in the Probate Court of St. Louis County, and on that day an adjudication without jurisdiction by that court of insanity and the appeal to the Circuit Court of St. Louis by Henry S. Bolles, where the matter is now pending before respondent Judge MUELLER, who has no jurisdiction but will proceed to hear and determine the matter unless prohibited.

It then alleges the institution in the Circuit Court of the City of St. Louis of the prohibition proceeding of Thomasson v. Holtkamp, and the final determination of the matter in a judgment favorable to Holtkamp leaving him with jurisdiction of the case, as shown by Exhibit B, filed with the petition in State ex rel. Holtkamp v. Hartmann, 330 Mo. 386, 51 S. W. (2d) 22.

"That on the 17th day of November, 1931, the said Ella F. Bolles, Charlotte Louise Welborn and Elmira Townsend applied to the St. Louis Court of Appeals for a writ of *habeas corpus,* alleging that the said Hugh W. Thomasson was unlawfully deprived of his liberty by one Grace Caroline Thomasson and Wilfred Jones, and the St. Louis Court of Appeals issued its writ of *habeas corpus* and compelled the production of the body of the said Thomasson before said court where said proceeding was pending and undisposed of at the time that the information was filed by the said MacBride in the Probate Court of St. Louis County," which proceeding it is alleged took from the latter jurisdiction the insanity inquiry.

Then follow in successive paragraphs allegations of legal conclusions, want of jurisdiction in the Probate Court of St. Louis County for lack of notice to Thomasson, and then allegations of fact regarding the infirmity of the notice, that a paper pretending to be a notice was issued by said Probate Court of St. Louis County and delivered to a private citizen, one Clarence Leritz for pretended service, that Thomasson was brought into said Probate Court November 27th, by force and against his will.

That the appearance of Thomasson in the Probate Court of the County of St. Louis, "when the same was first submitted to it for decision on the 27th day of November, 1931, by G. A. Wurdeman, is ineffective to give said court jurisdiction because the said Thomasson was then a person of unsound mind and in a proceeding carried on and instituted by the said G. A. Wurdeman, who pretended to appear for him he was adjudicated to be a person of unsound mind.
. . .

"That said G. A. Wurdeman was employed by Edward W. Terry as his attorney, an adverse party, . . . and was then representing adverse interests, to-wit, the Trust Company of St. Louis County, Ella F. Bolles and Grace Mahood Thomasson," in the cases mentioned in the petition.

In other paragraphs it is alleged that January 22, 1931, Grace Mahood, twenty-eight, kidnaped Hugh W. Thomasson from his home in the city of St. Louis, and has since such date kept him under guard at various places; that Grace Mahood caused said MacBride to file the information in the Probate Court of St. Louis County.

Relators set forth an exemplified copy of the *habeas corpus* proceedings in the St. Louis Court of Appeals, the record of the proceedings in the Probate Court of St. Louis County, including the hearings on the 27th day of November, 1931, and the record of the Circuit Court, Division Three of the City of St. Louis, November 30, 1931, and January 20, 1932.

The return of respondent Mueller alleges:

That he has no knowledge as to the notes or deeds of trust referred to in relators' petition, etc., and neither admits nor denies the same.

"That he has no knowledge of the proceeding filed on the 7th day of October, 1931 (by Elmira Townsend), in the Probate Court of the City of St. Louis, Missouri, alleging Hugh W. Thomasson to be a person of unsound mind, nor of the allegations regarding attempted service upon Thomasson."

Admits that he is Judge of the Circuit Court of St. Louis County, presiding in Division No. 2; admits that November 27, 1931, one MacBride filed an information in the Probate Court of St. Louis County; admits Edward W. Terry to be Public Administrator of St. Louis County and as such public guardian was appointed guardian of the person and estate of Hugh W. Thomasson, but does not admit any fact now shown by the record thereof. And admits that an appeal was taken from the proceedings of the Circuit Court of St. Louis County, Missouri, and that said cause was assigned to Division Number Two, over which respondent was presiding and denies a want of jurisdiction to proceed and determine the question whether Thomasson is of unsound mind.

That he has no knowledge as to the proceedings alleged to have been instituted November 12, 1931, before Judge HARTMANN of the Circuit Court of the City of St. Louis; that those matters will be fully considered by him in connection with other evidence.

That he has no knowledge of the *habeas corpus* proceeding instituted in the St. Louis Court of Appeals.

"That he has no knowledge as to whether or not the Probate Court of St. Louis County, Missouri, had jurisdiction to hear and determine

the question as to whether or not Hugh W. Thomasson was a person of unsound mind; that he has no knowledge as to whether Hugh W. Thomasson was ever legally or properly notified of said·proceedings or was ever present in court in said proceedings, except as the same is shown by the record thereof.''

''That he has no knowledge as to whether the insanity proceedings in the Probate Court of St. Louis County were a nullity by virtue of dual representations or conflicting interests by G. A. Wurdeman,''· etc.

The return then in answer to the allegations in each certain other paragraph of the petition alleges that the respondent has no knowledge of the facts stated.

The relators filed what they termed an ''answer, return and demurrer'' to the return. In effect it is a demurrer because it denies no new matter alleged in the return, only challenges the sufficiency of the averments to constitute a denial of the facts stated in the petition or to state affirmative facts which would be a defense.

I. We have set out in substance, and in some instances *verbatim,* the allegations of the petition and return although much irrelevant matter is .commingled with pertinent averments. The return cóntains no general denial. The answer to each paragraph of the petition is separate, specific and in every instance where the matter is pertinent states that the respondent has no knowledge of the facts alleged.

This does not tender an issue on such facts; they thus stand admitted under Section 776, Revised Statutes 1929, which requires that an answer shall contain either a general or specific denial of the facts stated in the petition as a denial of ''any knowledge or information thereof sufficient to form a belief.'' To say that the respondent has no knowledge of the facts alleged, does not meet the requirements of that statute. [Watson v. Hawkins, 60 Mo. 1. c. 550; Revely v. Skinner, 33 Mo. 1. c. 100; State ex rel. v. Gilbert, 163 Mo. App. 1. c. 683; Snyder v. Free, 114 Mo. 1. c. 367, 21 S. W. 847; State ex rel. v. Shelton, 238 Mo. 1. c. 286, 142 S. W. 417.]

Respondent, however, on the day the case was argued and submitted in this court filed a motion asking leave to amend each of the paragraphs of his return by interlining after the word ''knowledge'' the words ''information or belief,'' by that means attempting to bring the answer and return within the terms of the statute. The issues had been framed. The demurrer to the return was filed March 7, 1932. This motion to amend was filed on the 15th, the day the case was submitted in this court. The respondent was fully apprised of the filing of the demurrer in which each paragraph of the return was taken up specifically and the reason for its insufficiency stated.

The relators were not apprised that they would be called upon to produce any evidence in support of the allegations of the petition by what was stated in the return. They had a right to rely upon the issues tendered by the return, and promptly challenged its sufficiency by their demurrer. If the amendment be permitted and if it has the effect intended it would put at issue all the facts alleged in the petition. It is in an attempt to amend, not for the purpose of conforming to any facts that appear in the record, but for the purpose of compelling the production of evidence after it is too late to produce it. The motion to amend is therefore overruled.

■ But the respondent would be in no better plight if the amendment were permitted and if it conformed to the statute, which it does not. An answer denying knowledge or information sufficient to form a belief is not available to the respondent. Every fact alleged in the petition is accessible to him; his attorneys are attorneys in all the cases mentioned in the petition; the attorneys who filed his return here are the attorneys for Judge HARTMANN in State ex rel. Holtkamp v. Hartmann, 330 Mo. 386, 51 S. W. (2d) 22, and for Terry in State ex rel. Terry v. Holtkamp, 330 Mo. 608, 51 S. W. (2d) 13. It may be said that the knowledge which his attorneys acquired while they are conducting cases for somebody else would not be charged to respondent; but they of necessity must have been acquainted with all the records in all those cases and must understand them in order to conduct his case. As to the facts outside the record in this case it was their duty to inquire about them in the conduct of this case. In 49 Corpus Juris, page 265, after stating the rule about making permissible a denial of knowledge or information sufficient to form a belief, it was said:

"Where the application of the rule above stated would be unreasonable, it should not be applied. Facts either actually or presumptively within the knowledge of defendant, or which relate to personal transactions of defendant, cannot properly be put in issue by a denial of knowledge or information sufficient to form a belief, although defendant may use this form of denial, if he shows in connection therewith facts which overcome the presumption."

And 266:

"When facts which are readily accessible to the defendant, by reason of being in the public records, are sought to be put in issue, this form of denial is improper as being sham or frivolous." [See, also, In re Clement, State Excise Commissioner, 117 N. Y. Supp. 31.]

In this case complete and adequate knowledge as to every fact alleged in the petition was not only accessible to this respondent but presumed to be within his knowledge, and therefore he cannot demand proof by declaring in his return that he has no knowledge or information sufficient to form a belief. Besides, nearly all the pertinent facts are supplied by certified copies of the records referred to in the pleading.

■ II. The respondent, Judge Mueller, contends that relators, Elmira Townsend et al., have no interest in the matter sought to be prohibited, being nothing more than distant relatives and heirs apparent of Hugh W. Thomasson, and therefore are not authorized to sue. He cites State ex rel. v. Wurdeman, 286 Mo. 1. c. 160, 227 S. W. 64. In that case the court construed Section 291, Revised Statutes 1909, now 284, Revised Statutes 1929, of the statute permitting an *appeal* by anyone "aggrieved by the decision of the court," in adjudging one insane. That was construed to mean someone having an interest in the property; that the children of the mother so adjudged had no pecuniary interest in her property and therefore could not appeal, were not yet heirs nor devisees, legatees or creditors. The statute specifically did not apply to insanity proceedings. That principle is entirely foreign to the question under consideration here. Section 448, Revised Statutes 1929, provides that on an information verified in writing, etc., the probate court may cause inquiry into the sanity of the person mentioned in the information. Section 455 provides that if the person alleged to be insane be discharged, the costs shall be paid by the person at whose instance the proceeding is had. That makes an informant a necessary party to the proceeding. [Burke v. McClure et al., 211 Mo. App. 453; State ex rel. v. Duncan, 195 Mo. App. 1. c. 552.] The petitioner, Elmira Townsend, October 7, 1931, instituted the proceeding in the probate court to have Thomasson adjudged insane. She was not only a party of record in *that* proceeding but an interested party because liable for the costs and therefore entitled to bring *this* proceeding.

■ III. Where courts have concurrent jurisdiction of the subject-matter of an action, one in which the proceeding is first begun and in which jurisdiction is first acquired, retains it to the exclusion of another where the same proceeding is begun later. In State ex rel. Bartlett v. Littrell, 325 Mo. 35, 26 S. W. (2d) 768, where an insanity inquiry was begun in one county, and another county which began a similar inquiry into the sanity of the same person was, for want of jurisdiction, prevented by prohibition from proceeding. In State ex rel. Aetna Life Ins. Co. v. Knehans, 31 S. W. (2d) 226, the St. Louis Court of Appeals said, 1. c. 228:

"The writ of prohibition is the proper and appropriate remedy to be employed to prohibit one court from entertaining or intermeddling with a suit, the subject-matter of which is already in process of litigation in another court of co-ordinate and concurrent jurisdiction, which has acquired jurisdiction both of the subject-matter and the parties thereto." [See, also, State ex rel. v. Reynolds, 209 Mo. 1. c. 188, 107 S. W. 487.]

Both parties agree to this general principle. Therefore if the Probate Court of the City of St. Louis acquired jurisdiction of the insanity proceeding, that is, if the proceeding was properly begun in that court, then it had jurisdiction to determine all questions which would arise in the case.

■ It is urged by respondent that where the jurisdiction of the court depends upon the ascertainment of facts which would give it jurisdiction, the determination of such facts by that court is conclusive as against a collateral attack. [Ex Parte Dusenberg, 325 Mo. l. c. 886, 30 S. W. (2d) 94; In re Lydia Sisk, 305 Mo. l. c. 332, 265 S. W. 536.] In that connection where a court of general jurisdiction retains jurisdiction of a cause it is presumed in a collateral proceeding that it found the facts which would give it jurisdiction. [In re Lydia Sisk, 305 Mo. l. c. 332; Cobe v. Ricketts, 111 Mo. App. 110.] Those principles applied here would mean that the Probate Court of the City of St. Louis had jurisdiction to determine the facts, which would give it jurisdiction. Among other facts are whether Thomasson was a resident of the city of St. Louis, provided the proceeding was first instituted in the Probate Court of the City of St. Louis.

IV. The petition alleges that "on or about the 27th day of November, 1931, the said probate court issued an alias notice as provided by Section 450, Revised Statutes Missouri to the Sheriff of the City of St. Louis, and on the 28th of November, 1931, said sheriff made return showing that the said writ had been duly served upon the said Thomasson and commanding him to be present on December 7, 1931, in said probate court."

The respondent's return makes no denial of that but says:

"That he has no knowledge of the information filed on the 7th day of October, 1931, . . . nor the return of any sheriff of either the city of St. Louis or the county of St. Louis thereon."

■ It is suggested in the brief of respondent that the Probate Court of the City of St. Louis issued its notice to be served upon Thomasson in violation of the preliminary rule in prohibition issued by Judge HARTMANN of the Circuit Court of the City of St. Louis and while that preliminary rule was still in force. It is also suggested that the *habeas corpus* proceeding pending in the St. Louis Court of Appeals, November 27, 1931, wherein Hugh W. Thomasson was a prisoner in custody made it impossible to have legal service upon him of any civil process issued by another court. The prohibition proceeding in the Circuit Court of the City of St. Louis was ended November 30, 1931, as we have held in the Holtcamp cases. The Probate Court of the City of St. Louis acquired jurisdiction to proceed with the insanity inquiry begun by the filing of the information by Elmira Townsend and has jurisdiction to proceed with that inquiry whenever service can be had.

· The relators have the right to maintain this suit notwithstanding Judge HARTMANN's preliminary rule for the rule was quashed before relator's objection here was filed.

V. Respondents argue, however, that the Probate Court of the City of St. Louis had only *partial* jurisdiction; that its jurisdiction was not complete until the service upon Thomasson by the sheriff; that on the 27th day of November the proceeding was begun, service had and judgment rendered in the Probate Court of St. Louis County before there was any attempted service that could confer effective jurisdiction upon the Probate Court of the City of St. Louis.

 That brings up the question of the validity of the adjudication November 27, 1931, in the Probate Court of St. Louis County, which we have fully considered in State ex rel. Terry v. Holtkamp, 330 Mo. 608, 51 S. W. (2d) 13, where the record is set out in full. The allegations of the petition here, not denied in the return, cover entirely that record and more. We held in the Terry case that the adjudication November 27th was void for want of jurisdiction, because conducted without the jurisdictional statutory notice, which could not be waived, and because Wurdeman, who appeared for Thomasson and attempted to waive his rights was attorney for parties opposed to Thomasson's interest. The petition alleges, and it is not denied, that Wurdeman represented Ella F. Bolles, who filed the first information seeking to have Thomasson adjudged insane. That incident would disqualify Wurdeman to enter Thomasson's appearance in the Probate Court of St. Louis County in a like proceeding begun after the dismissal of the first, and to waive Thomasson's right to timely notice of such proceeding.

It is further alleged and not denied that Grace Mahood in her numerous suits against Thomasson was represented by her attorneys G. A. Wurdeman, Wilfred Jones, Robert B. Denny, Clarence Leritz and Shad Bennett. That Edward W. Terry had employed Wurdeman as his attorney before Wurdeman ever entered his appearance for said Thomasson; that Thomasson was caused by Grace Thomasson to execute two notes for $2500 each, secured by mortgage on Thomasson's property as a consideration for legal services rendered to *Ella F. Bolles*, who filed information in January, 1931, in the Probate Court of St. Louis County attempting to have Thomasson adjudged insane; a proceeding which was afterwards dismissed.

All of these facts are matters of record in the courts entertaining the proceeding involved here.

 VI. The appeal from the adjudication in the Probate Court of St. Louis County now pending in the Circuit Court of St. Louis County was regular and formal. The judgment appealed from in probate court was void on its face for want of jurisdiction. Then

the question arises, was it appealable? And if it was, did the circuit court acquire jurisdiction to determine the facts as to whether the judgment was void and whether it has jurisdiction to proceed with the case and a trial *de novo*, as provided by Section 292, Revised Statutes 1929. No doubt that court could entertain a motion to dismiss the appeal for want of jurisdiction. The allegation of the petition, and not denied, is that the court intends to proceed with the case upon the merits. The respondent's return indicates that that is his purpose. It alleges that the probate court had jurisdiction and asserts his intention to inquire into the facts in determination of the matter appealed from. The general rule is that if an inferior court has no jurisdiction of a cause, appeal from its decision confers no jurisdiction upon the appellate court. The rule applies to appeals from justices of the peace, probate, county and other inferior courts to a district, circuit or other superior court. [3 C. J. p. 366; Nenno v. Railroad, 105 Mo. App. 551; Ex Parte O'Brien, 127 Mo. 477, 30 S. W. 158.] Prohibition will lie to prevent a consideration of such a case on appeal. [State ex rel. Kaiser v. Miller, 316 Mo. 372, l. c. 383, 289 S. W. 898.] It is generally held in this State that where the justice of the peace had no jurisdiction of the cause the circuit court on appeal acquired no jurisdiction to determine it. Our conclusion is that the Probate Court of St. Louis County never acquired jurisdiction to inquire into the sanity of Hugh W. Thomasson, and that the circuit court never acquired jurisdiction to entertain an appeal from an adjudication of the same by that probate court.

The preliminary rule is therefore made permanent. All concur.