

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

A. G. FILE No. ?-?-?-?

Honorable T. M. Trimble, First Assistant
Superintendent of Public Instruction
Austin, Texas

Dear Sir:                    Opinion No. O-3566
                             Re:  May the County Treasurer of
                                  Brazoria County serve as
                                  trustee of an independent
                                  school district which has
                                  more than 150 scholastics?

        Your written request for an opinion from this depart-
ment has been received and considered.  We quote from your re-
quest:

        "'May the County Treasurer of Brazoria
    County serve as Trustee of the Alvin Independent
    School District of that County, which district
    has more than 150 scholastics?'"

        Article 2832, Vernon's Civil Statutes of Texas, pro-
vides that in any independent school district of more than 150
scholastics "the treasurer of the school fund shall be that
person or corporation who offers satisfactory bond and the best
bid of interest on the average daily balances for the privilege
of acting as such treasurer."  This statute clearly gives the
trustees of said district, having over 150 scholastics, the power
to select the treasurer for the school funds.

        Article 2833, Vernon's Civil Statutes, prescribes the
duties of the treasurer, selected under authority of Article 2832.

        Since the enactment of Article 2828, Revised Civil
Statutes of Texas, 1925, the custody and control of school funds
has been removed from the County Treasurer and the duties and
responsibility of the handling of such funds has been placed upon
the depository selected in the manner provided by law.  Horton v.
Rockwall County, 149 S. W. 297; Charlton, County Treasurer, v.
Cousins, State Superintendent, 103 Tex. 116, 124 S. W. 422.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable T. M. Trimble, Page 2

We do not believe that, under the facts submitted by you, the County Treasurer of Brazoria County, as such, would have any control nor care nor official duties to perform in connection with the school funds of Alvin Independent School District which district has more than one hundred and fifty (150) scholastics.

Article 16, Section 40, Texas Constitution, provides:

"No person shall hold or exercise, at the same time, more than one civil office of emolument, * * *."

In the case of State v. Martin, (Ct. Civ. App.) 51 S.W. (2d) 815, it was held that the office of a school trustee was not an office of "emolument."

This office has held in Opinion No. 0-3308 that a deputy sheriff may serve at the same time as a school trustee of a common school district and that the respective duties of each office are not incompatible.

In Opinion No. 0-2184, this department held that a justice of the peace may serve as the city secretary of the city of Muleshoe at the same time and that the respective duties of each office are not incompatible.

This department has also held in Opinion No. 0-3522 that a justice of the peace may contemporaneously serve as a trustee of an independent school district.

We have carefully considered the respective duties incumbent upon the County Treasurer of Brazoria County and the duties of a trustee of an independent school district with more than a 150 scholastics and we can conceive of no sound basis upon which it may be said that their respective duties are incompatible. Neither office is accountable to, under the dominion of or subordinate to the other; neither has any right to interfere with the other in the performance of any official duty. Offices are incompatible where the duties of each may be inconsistent or conflicting and where the performance of the duties of one office may interfere with the performance of the duties of the other office. Opinions No. 0-2184, and No. 0-3522.

Since neither a county treasurer nor a trustee of an independent school district are officers to be paid out of the

State Treasury, we do not believe Article 16, Section 33 of the Texas Constitution is violated under the facts submitted by you.   Opinions No. 0-3308, and No. 0-3522.

It is, therefore, our opinion, and you are respectfully advised, that there is no prohibition in the Constitution or laws of this State which would prevent the County Treasurer of Brazoria County from serving as a trustee of Alvin Independent School District of that county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harold McCracken
Harold McCracken
Assistant

APPROVED JUN 10, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

HM:RS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN