WILLIAM H. BUFFINGTON, Appellant, v. ELLA CARTY.

Division One, March 30, 1906.

1. **DIVORCE: Void for Want of Jurisdiction: Court of Equity.** A decree of divorce rendered by an Illinois court, if void because that court was without jurisdiction to render it, is a nullity, and the defendant therein does not need the assistance of a court of equity to obtain relief, for the decree does not affect his legal rights, after the death of the complaining wife, in property which during the marriage had been deeded to her as a separate estate for her sole use and benefit, and sold and conveyed by her deed alone after the divorce decree.

2. ——: **No Equity shown.** A husband in a divorce proceeding instituted in Illinois against him at a time when he was a resident of Missouri, in which he was personally served with process, and knew all about the proceeding from its beginning, and knowingly and willfully stood by the status which it established for seventeen years before bringing suit to avoid it, during which time a child was born to the wife, her property sold and by her conveyed to defendant, who paid a large sum therefor on the faith of the wife's legal title of record, after which the wife died, is in no positon to ask the assistance of a court of equity to aid him in establishing a curtesy in the land, even if it could render him any, for there is no equity in his case.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

AFFIRMED.

*James W. Mytton, Charles C. Crow* and *William B. Morris* for appellant.

(1)   Appellant went to Illinois for the sole purpose of obtaining the decree and was at no time a resident of that State.   Under these facts the decree was void and of no effect whatever, and not voidable.   Andrews v. Andrews, 38 U. S. Sup. Ct. Rep. 237; 2 Bishop on M. & D., sec. 43; 9 Am. and Eng. Ency. Law (2 Ed.), 742; State v. Flack, 54 Iowa 429; Smith v. Smith, 19 Neb. 706; Lebowitch v. Lebowitch, 19 Kan. 451; Van Fossen v. State, 37 Oh. St. 317; Hoffman v. Hoffman, 46 N. Y. 30; Bell v. Bell, 21 U. S. Sup. Ct. Rep. 551. Jurisdiction may be inquired into.   Mapton v. Leaton, 71 Mo. 362; Marx v. Fore, 51 Mo. 69.   There is no presumption in favor of, but every presumption is against jurisdiction.   Hoffman v. Losen, 24 Mo. App. 652; Com. v. Blood, 97 Mass. 538.   The marital relation cannot be altered by estoppel.   Burge v. Burge, 94 Mo. App. 15. (2)   The only evidence in the entire record of appellant's abandoning his wife, leaving the State, and failing to support her, is contained in the application for a continuance.   All the witnesses in the case who testi-

fied on the subject contradicted the statement of respondent in her affidavit, and the finding was therefore wholly unauthorized. Musick v. Dodson, 76 Mo. 628. (3)   The pretended divorce was obtained by appellant's wife March 6, 1886. She was the owner of a separate equitable estate in the property and appellant was not entitled to the rents and profits or the possession thereof until the death of his wife which was shown by the terms of one of the instruments through which respondent claims the property, and in addition, appellant notified respondent before she purchased that he claimed an interest in the property by the curtesy and that the pretended divorce was void and notwithstanding all this respondent purchased the property and now claims that appellant has been guilty of laches.   Appellant was out of possession, had no legal right to possession even if there had been no attempt to obtain a divorce until one month before this suit was instituted, and a court of equity will not convict a person of laches when during all the time such person could not assert or obtain his rights either in a court of law or equity. Sherwood v. Baker, 105 Mo. 472; Westmeyer v. Gallenkamp, 154 Mo. 28; Graham v. Stafford, 171 Mo. 692; McNeely v. Oil Co., 44 S. E. 508; Littleton v. Patterson, 32 Mo. 365; Howell v. Jump, 140 Mo. 440; Herleman v. Hazlett, 55 Iowa 256; Rodgers on Domestic Relations, sec. 362.   There is not one word of testimony that respondent was holding adversely to any person, and by purchasing with notice it should be held that she was holding subject to appellant's curtesy rights.   The situation has not changed since she purchased with full notice, and therefore mere delay cannot amount to laches.   Newman v. Newman, 152 Mo. 450; Condit v. Maxwell, 142 Mo. 277; Spaulding v. St. Joseph I. S. for Boys, 54 S. W. 205; Grosbach v. Brown, 40 N. W. 494; Borders v. Hodges, 39 N. W. 597; Riggs v. Polk, 21 S. W. 1013; Gordon v. Eans, 97 Mo. 602; Weir v. Lumber Co., 186 Mo. 388.   At common law the

right to the possession of the real estate belonging to the wife was in the husband except her separate equitable estate and for that reason the statute did not run against her and she could not be guilty of laches; here is a separate estate and the husband is barred from possession during her life and for the same reason the statute does not run against him and he cannot be guilty of laches. Myer v. Witten, 89 Mo. 81. A resident of Missouri is not required to go to another State to litigate the question of the validity of a judgment, and may assert its invalidity at any time such judgment is used to affect his rights. So in this cause appellant was not required to notice the void decree until he was otherwise entitled to the possession of the property and cannot be convicted of laches in so acting. Marx v. Fore, 51 Mo. 73. At the time of the pretended conveyance by Mattie Buffington to respondent, even if it had been a general warranty deed, the instrument was absolutely void and it must be ruled that respondent purchased with knowledge of the law. The law in effect at the time rendered the instrument void absolutely and it could not become valid. Martin v. Colburn, 88 Mo. 229. The Martin case shows that there has at all times been a doubt about the validity of a married woman's deed to her separate property, but now it is claimed in this case that not only is the deed valid to convey the estate of the wife, but also to convey the freehold interest of the husband. Husband has curtesy in the separate equitable estate of the wife. Kennedy v. Koopman, 166 Mo. 87; Soltan v. Soltan, 93 Mo. 307; Trunmell v. Klubolt, 75 Mo. 255. Curtesy initiate is a freehold interest in real estate. Doyle v. Rolwing, 165 Mo. 231; 8 Am. and Eng. Ency. Law (2 Ed.), 507. Under the present ruling of this court, appellant's wife could convey her separate equitable estate but the conveyance was subject to the estate by curtesy of appellant as the deed to appellant's wife in this case does not attempt to exclude curtesy, but

merely postpones the enjoyment.   Modern Law of Real
Property (Tiffany), sec. 209; Kennedy v. Koopman,
166 Mo. 87; Johnson v. Fritz, 44 Pa. St. 449; Miller v.
Quick, 158 Mo. 502; Wooward v. Woodward, 148 Mo.
247; Tiedeman on R. P., sec. 110; Hurleman v. Hazlett,
55 Iowa 256; Ayetsky v. Goery, 2 Brewster (Pa.) 302;
Houck v. Ritter, 76 Pa. St. 280; Appeal of Clark, 79
Pa. St. 376; Appeal of Cooke, 132 Pa. St. 533; Wester-
man v. Westerman, 3 Ohio Dec. 501; Kerr on Real
Property, sec. 805; Rodgers on Domestic Relations,
secs. 339-346.   Under the statute law of this State, a
married woman has the same power with reference to
her real estate as her husband, namely, to convey alone
subject to curtesy as the husband may convey his prop-
erty subject to dower.   In other words, no attempt has
been made to abolish the estate by the curtesy.   The
same rule applies to the old equitable separate estate.
The husband's right to possession and control is sus-
pended during coverture, but not his freehold interest
which is in the nature of a remainder.   Nor can the
wife convey this remainder by her sole deed unless ex-
pressly authorized to do so by the instrument creating
the estate or by the terms of the statute.   Kennedy v.
Koopman, 166 Mo. 87; Woodward v. Woodward, 148
Mo. 247.   The court under the evidence correctly ruled
that the child born to Mattie Buffington March 6, 1886,
was the legitimate issue of her marriage with appellant.
Adger v. Ackmant, 115 Fed. 133; 1 Greenl. Ev., sec.
28; Philipps v. Allen, 2 Allen 453; Gaines v. Hennen,
65 U. S. 552; Morris v. Davis, 5 C. & J. 163; State v.
Bennett, 75 N. C. 305; Goss v. Froman, 8 L. R. A.
106; Harp Co. v. Halt, 67 Pac. 848; Sergent v. Mfg.
Co., 66 S. W. 1026; Hummenway v. Towner, 1 Allen
209; Smith v. Hunline, 51 N. E. 227.

*Eugene Silverman* and *C. F. Strop* for respondent.

(1)   Appellant having waited seventeen years be-
fore questioning the validity of the decree of divorce

rendered against him by the circuit court of Cook county, Illinois, and having waited until the death of the plaintiff in that suit, has been guilty of such laches that a court of equity will afford him no relief. The object and purpose of the present suit is not to restore the marital relation between the plaintiff, and his former wife and not to rectify fraud which is alleged to have been perpetrated on the laws of Illinois. The present suit has for its sole purpose the enforcement of alleged property rights, and therefore upon the showing made in this case the finding should have been as it was, for the defendant. Zoellner v. Zoellner, 46 Mich. 514; Nicholson v. Nicholson, 113 Ind. 132; Singer v. Singer, 41 Barb. 139; Nichols v. Nichols, 25 N. J. Eq. 60; Earle v. Earle, 91 Ind. 37; Nelson on Marriage and Divorce, p. 1019, sec. 1056; Marwin v. Foster, 61 Minn. 154; McNeil v. McNeil, 78 Fed. 834; Arthur v. Isreal, 15 Col. 147. (2) The deed by which Mattie Buffington acquired title to this property was from Mary Smith, and created a separate equitable estate in the former wife of plaintiff herein. No particular or technical words are required to create a separate estate. Any words which show the intention will suffice. In fact, appellant under the third point made in his brief uses the following language: "She was the owner of a separate equitable estate in the property." Bank v. Taylor, 53 Mo. 595; Morrison v. Thistle, 67 Mo. 596; Bank v. Collins, 75 Mo. 280; Hart v. Leete, 104 Mo. 315; Richardson v. DeGiverville, 107 Mo. 422. And the intervention of a trustee is not necessary for the creation of a separate estate. Shafroth v. Ambs, 46 Mo. 114; Richardson v. DeGiverville, supra. (3) A married woman may convey her equitable estate by deed without her husband joining therein. As to such property she is a *feme sole*. Whitesides v. Cannon, 23 Mo. 457; Turner v. Shaw, 96 Mo. 22; Small v. Field, 102 Mo. 120; Sprague v. Rooney, 104 Mo. 357; Wood v. Kice, 103 Mo. 338; Shaffer v. Kugler, 107 Mo. 65;

Pitts v. Sheriff, 108 Mo. 116; Fairchild v. Cresswell, 109
Mo. 39; Owens v. Riggins, 133 Mo. 630; Ryland v.
Banks, 151 Mo. 12; Cadematori v. Gauger, 160 Mo.
367; McFarland v. Heim, 127 Mo. 335. (4) While it
is true that the husband may have an estate by the
curtesy in the wife's equitable separate estate, yet it
is necessary in order that curtesy may attach that the
wife die seized of the equitable estate. A conveyance
by the wife of her separate estate defeats all curtesy
on the part of the husband. Seizin in the wife at the
time of her death is an essential prerequisite to curtesy
in favor of the husband in the separate estate of his
wife. Therefore, the deed from Mattie Trimble,
formerly Mattie Buffington, conveyed to respondent
the absolute title free from any interest of appellant
herein. Lush's Law of Husband and Wife, pp. 77 and
78; Schouler on Husband and Wife, p. 423; Chapman
v. Price, 83 Va. 395; Cooper v. McDonald, L. R. 7 Ch.
Div. 300; Brown v. Alden, 14 B. Mon. (Ky.) 152; Nee-
ley v. Lancaster, 47 Ark. 179; Pool v. Blakie, 53 Ill.
495; 4 Am. and Eng. Ency. Law. (1 Ed.), 967.

BRACE, P. J.—On the 27th of November, 1883,
the plaintiff and Mattie B. Scott intermarried.

On the 28th of November, 1884, Mary D. Smith,
who was the owner of lots 4 and 5 in block 23, in the
original town, now city, of St. Joseph, Missouri, by
warranty deed of that date, duly executed, acknowl-
edged and recorded, for the consideration of seven thou-
sand dollars, conveyed said real estate to the said Mat-
tie B. Buffington, nee Scott, "to have and to hold the
aforesaid real estate and lots as and for her own sep-
arate property for her own use and benefit, free from
the control of her husband, and for her separate use
and benefit."

On the 8th of February, 1886, a child was born,
alive, to the said Mattie B. Buffington.

On the 27th of March, 1886, the following decree

of divorce was rendered by the circuit court of Cook county, Illinois:

"Mattie B. Buffington vs. William H. Buffington,

BILL.

"This day came again the said complainant by T. C. Whitside, Esq., her solicitor, and it appearing to the court that said defendant has had due notice of the pendency of this suit by service of the summons herein on him personally according to the statute in such cases made and provided, that the default of said defendant was taken, and the complainant's bill of complaint herein taken as confessed by said defendant.

"And the court having heard the testimony taken in open court in support of said bill of complaint (a certificate of which evidence is filed herein), and now being fully advised in the premises, doth find that the complainant is an actual resident of Cook county and has been a resident of the State of Illinois, as alleged in the bill, and that the defendant has been guilty of the acts of adultery with Nan Cohen and a woman by the name of Starr, as charged in the complainant's bill of complaint.

"On motion of said solicitor for the complainant, it is ordered, adjudged and decreed and this court, by virtue of the power and authority therein vested, and the statute in such cases made and provided, doth order, adjudge and decree that the bonds of matrimony heretofore existing between the complainant, Mattie B. Buffington, and the defendant, William H. Buffington, be and the same are hereby dissolved and the same are dissolved accordingly."

Afterwards, the said Mattie B. Buffington intermarried with one Harry Trimble, and by her deed, dated December 1, 1887, for the consideration of thirty-six thousand and two hundred dollars, conveyed said

real estate to the defendant, who has been in continuous possession of the same ever since.

On the 15th of March, 1903, the said Mattie B. Trimble died, and on the 10th of April, 1903, this suit was instituted.

The petition is in two counts. The first count is in the nature of a bill in equity to set aside the decree of divorce, aforesaid, on the ground of want of jurisdiction in the circuit court of Cook county, Illinois, to render it, predicated upon the following substantive facts, alleged in this count of the petition, i. e., that by the statute of Illinois it is provided that "no person shall be entitled to a divorce in pursuance of the provisions of this act who has not resided in the State one whole year next before the filing of his or her bill or petition, unless the offense or injury complained of was committed within the State, or whilst one or both of the parties resided in this State." That the said Mattie B. Buffington was not at the time of the institution of said suit, or the rendition of the decree therein, or ever, a resident of "Illinois, county of Cook, city of Chicago, but was a resident of Missouri," and said William Buffington had not been guilty of adultery in the county of Cook, State of Illinois, as charged in the petition in said suit.

The second count is in ejectment in ordinary form, but at the close of the trial on the first count the plaintiff took a nonsuit without leave, as to that count, and no motion to set the same aside having been made or ruled upon in the trial court, that count was eliminated from the case; and the only questions that arise here on this appeal are upon the judgment on the first count in the petition.

The answer was a general denial and pleas of the Statute of Limitations, laches, and estoppel.

The evidence for the plaintiff tended to prove the allegations of the petition as to the residence of the said Mattie B. at the time of the divorce proceeding.

The judgment was for the defendant, and the plaintiff appeals.

The judgment is for the right party and ought to be affirmed. The sole ground upon which the plaintiff comes into a court of equity for relief is, that the decree of divorce rendered by the circuit court of Cook county, Illinois, is void because that court was without jurisdiction to render it. If that be so, then the decree is a nullity, and he does not need the assistance of a court of equity. Such a decree could not affect his legal rights in the property in question and its nullity could be shown in any action at law to which it might be necessary for him to resort to assert those rights.

Moreover, the plaintiff was personally served with process in the divorce suit, knew all about it from the beginning, and knowingly and willfully stood by the status which it established for seventeen years before this suit was brought without seeking to avoid it, during which time a child was born to his former wife, her property was sold and by her conveyed to the plaintiff, who paid a large sum of money therefor on the faith of her legal title of record, and, after marrying again, she died. Whatever may be the merits or demerits of the divorce decree, the plaintiff is in no position to ask the assistance of a court of equity, even if it could render him any. There is no equity in his bill. The question as to the legal rights of the plaintiff in the real estate aforesaid, if any he has, is not before us for determination on this appeal, and, hence, as to them we say nothing. He certainly has no equity, and the judgment of the circuit court will be affirmed.

All concur.