WILLIAM T. FINLEY, Appellant, v. CHARLES FARRAR.—No. 38367.—171 S. W. (2d) 593.

Division One, May 4, 1943.

Motions for Rehearing and to Transfer to Banc Denied, June 1, 1943.

Frank B. Williams and James P. Hawkins for appellant; Joe N. Brown of counsel.

*Theo. G. Scott* and *Lamm & Barnett* for respondent.

30

DALTON, C.—Action in equity to set aside an alleged judgment of the Probate Court of Dallas County by which plaintiff was, on August 17, 1938, adjudged to be a person of unsound mind and defendant was appointed guardian of the person and curator of the estate of plaintiff. It is contended the "purported" judgment "is

not the judgment of a duly and legally constituted court in session," but is a mere record made by the Probate Judge in vacation, unauthorized and of no binding effect. Plaintiff further seeks the following affirmative relief; (1) that all acts, proceedings and orders of the Probate Court, "in and about the matter be declared void, annulled and for naught held"; (2) that plaintiff be restored to the possession and control of his real and personal property and be relieved of restraint upon his personal freedom by defendant; (3) that defendant be required to account to plaintiff for the handling of plaintiff's property from and after August 16, 1938; (4) that defendant be compelled to restore to plaintiff all property, or the value thereof, found to have been wasted; (5) that defendant be restrained from further interfering with plaintiff's person or propety; and (6) that plaintiff have "such other and further equitable relief as the facts and circumstances shown by the evidence shall require."

Defendant admits the existence of the alleged judgment, and the subsequent proceedings thereunder, and alleges that "Probate Court was in session and in term," at the time the judgment was rendered; that the Probate Court of Dallas County had jurisdiction of the person of plaintiff and of the subject matter; that defendant became and is the "duly appointed, acting and qualified guardian of the person and estate of" plaintiff; and that as such guardian he has the custody and control of plaintiff's property. Defendant further sets up an affirmative defense of estoppel, based upon the subsequent acts and conduct of the plaintiff in relation to said judgment and proceedings thereunder, and upon certain other judgments and proceedings to which plaintiff and defendant were parties or privies. No question is raised concerning the pleadings, which cover some 60 pages of the record. After a hearing on the merits, the trial chancellor dismissed "plaintiff's bill" and plaintiff appealed.

In the amended petition plaintiff alleges that in excess of $15,000 of plaintiff's property has been wasted by defendant in needless litigation and attorney fees. Defendant's answer admits that $15,000 of plaintiff's property has been paid out for legal services, but alleges the amount was reasonable and was authorized and directed by the Probate Court of Dallas County. Plaintiff, by reply, denies all allegations of new matter. There was evidence that plaintiff's interest in Texas real estate alone had an estimated value of from $500,000 to $2,000,000; that there were fifteen oil wells on the property; that the annual income from these oil wells was around $15,000 per year; that, as guardian for plaintiff, the defendant had collected from the oil properties in excess of $25,000; and that he had on deposit in banks money belonging to plaintiff's estate in excess of $4,000 and government bonds costing in excess of $5,900. There was no evidence concerning the value to plaintiff of personal management and control

of this property, but we have jurisdiction by reason of the amount actually in controversy.

On August 16, 1938 plaintiff was a resident of Dallas County and resided on a 210 acre farm, which he owned. He also owned other property, including real estate in Archer County, Texas. According to Dr. G. C. Plummer, a physician who had known plaintiff for a number of years, plaintiff was on that date. suffering from acute recurrent mania. "He was very excited and very much disturbed and very wild." Plaintiff's brother-in-law, thereupon, filed a formal affidavit with the Probate Court of Dallas County, charging that plaintiff was a resident of said county and the owner of property therein; and that he was a person of unsound mind and incapable of managing his affairs, and asking that an inquiry be had according to law. Sec. 447, R. S. 1939, Mo. R. S. A. Sec. 447. The records of the Probate Court show that the affidavit was filed *in vacation*; that the Probate Judge was satisfied that there were sufficient grounds for the exercise of jurisdiction; and that he ordered an inquiry, set the hearing for 10 A. M. on the following day, August 17, 1938, ordered notice to plaintiff of the time and place of hearing, and directed the sheriff to make service and return before said date. The notice to plaintiff recited that a special term of court had been called to make the inquiry concerning plaintiff's condition, but no such order appears of record. At the close of the record entries on August 16, 1938, in vacation, there appears the following: "Ordered that the Probate Court of Dallas County, Missouri, be and the same is adjourned to August 17, 1938. T. J. Wilkerson, Judge of Probate."

The regular stated terms of the Probate Court of Dallas County, begin on the fourth Mondays in February, May, August and November. It is conceded that said court was in regular adjourned session on August 13, 1938, it being the fifth day of the May 1938 term. The records of the court on that date, however, failed to show an adjournment of court to any subsequent date. No record entry with reference to adjournment was made. All record entries made on August 15th and 16th appear to have been entered *in vacation*. On August 17, 1938, the records of the court purport to show that court met "pursuant to adjournment" with T. J. Wilkerson, Judge and Ex-officio Clerk of said court and Harrison Bartlett, Sheriff of said county, present. The records show "August 17, 1938, Sixth day of May, 1938 Term," and that acts "in vacation" were approved. The records further show under the heading, "Estate of W. T. Finley, found to be of unsound mind," that an inquiry was had before a jury; that plaintiff was found to be a person of unsound mind and incapable of managing his own affairs; that, prior thereto, plaintiff had been served with notice and had waived notice; that an attorney had been appointed to represent plaintiff; that, subsequent to the verdict and the judgment entered thereon, the court appointed

defendant as guardian of the person and estate of plaintiff; that defendant qualified as such, gave bond, which was approved, executed a notice of issuance of certificate of guardianship and proceeded with his duties as such guardian. On the same date, other orders in the same matter appear of record, including one to the effect that, it appearing that plaintiff was liable to do damage to himself or others, the guardian have his ward confined in State Hospital No. 3 at Nevada. By the final order the court adjourned to August 20, 1938. The minute book of said court shows ''in vacation'' orders on August 15th and 16th, 1938, but purports to show court *in session* on August 13th and 17th, 1938. It is admitted that defendant took charge of plaintiff and his estate and has, since the date of the judgment and appointment, assumed and purported to act as guardian of the person and estate of plaintiff. An inventory of plaintiff's property was duly filed, reports made and orders secured, including one for defendant to employ counsel in Texas to look after plaintiff's Texas properties.

Appellant contends the sole issue presented by this appeal concerns the validity of the judgment of insanity as shown by the probate records, that is, whether the Probate Court of Dallas County was legally in session on August 17, 1938, pursuant to adjournment. Appellant contends that it appears from the face of the records of said court, that the Probate Court of Dallas County ''was not legally constituted as a court, when it held inquisition of insanity on appellant and found him to be of unsound mind and appointed a guardian.'' Appellant takes the position that he is and has been at all times a person sui juris, and that there is and has been no adjudication to the contrary. Appellant says ''the purported judgment of insanity. entered against appellant by the Judge of the Probate Court on August 17, 1938; on a day when the court was not legally in session, is no judgment at all and may be and [596] should be, wholly disregarded in all situations whereby it is called in question.'' Appellant further says that the judgment and all the proceedings are void, ''whenever and wherever called in question, whether in direct or collateral proceedings.'' Of course, if appellant is correct on this theory, the trial court did not err in dismissing the petition, since an action in equity will not lie to set aside a judgment which is void on its face and binds no one. Tokash v. Workmen's Compensation Commission, 346 Mo. 100, 139 S. W. (2d) 978, 983; Buffington v. Carty, 195 Mo. 490, 499, 93 S. W. 779; Stockton v. Ransom, 60 Mo. 535, 538; National Union Fire Ins. Co. v. Vermillion (Mo. App.), 19 S. W. (2d) 776, 783. But such was not plaintiff's theory below; since he alleged ''that by reason of irregularities appearing upon the face of the record of said insanity proceedings'' the ''purported adjudication and appointment of defendant as guardian'' was void for want of jurisdiction and on other grounds. The defects complained of did not appear on the face of the judgment itself but

from other records. Plaintiff sought affirmative equitable relief to set the judgment aside and alleged he was without adequate remedy at law.

It is upon the theory that the sole issue presented by this appeal is whether the judgment of August 17, 1938 was in fact entered in term time at a session of the regular May 1938 Term of the Probate Court of Dallas County, held pursuant to an adjournment ordered by the court in term time and previously entered of record, that the appellant has omitted from his abstract of the record many of the facts upon which the defendant bases his defense of estoppel. Appellant says these facts were omitted because ''not necessary to a complete understanding of the questions presented for decision on this appeal'' and because all of such ''matters transpired subsequent to the inquisition of insanity,'' and have no bearing on the question presented for decision. Respondent, without moving to dismiss the appeal, has filed an additional abstract bringing up omitted matters. We now state the evidence concerning these subsequent matters upon which defendant bases his plea of estoppel.

On September 16, 1938, and while the Probate Court of Dallas County was in session, the plaintiff appeared in said court in said cause, ''Estate of W. T. Finley, a person of unsound mind,'' then purporting to be pending and in the course of administration in said court, and filed his application and affidavit for hearing upon restoration, which affidavit included the following statement: ''That he is the identical person who, in the Probate Court of Dallas County, Missouri, in the month of August, 1938, was adjudged of unsound mind and he states upon his oath that he has been fully restored to his right mind, and is now competent and in his right mind, and he asks the Court to hold an inquiry as to his sanity and as to his restoration to sanity.'' Sec. 492, R. S. 1939, Mo. R. S. A., Sec. 492.

A record entry was made of his appearance in said court, of the filing of his petition and affidavit for hearing ''as to his restoration to sanity,'' and of a supporting affidavit, and of the court's finding that a hearing as to sanity should be held. The hearing was set for September 22, 1938, 2 P. M. at the Court House in Buffalo. The records of the court on that date show a session during the regular August 1938 term, with plaintiff and his attorneys, and defendant as guardian and curator and his attorneys and others, present; that a hearing was had before the court and a judgment entered to the effect that plaintiff, theretofore declared to be a person of unsound mind, had been restored to his right mind since the original hearing and adjudication. It was ordered that plaintiff be discharged from the care and custody of his guardian and curator. The defendant, as guardian, was directed to settle his accounts and deliver plaintiff's property to him.

Thereafter, defendant and plaintiff's sister sought to appeal from this judgment of restoration and an issue arose whether defendant was "interested" or "aggrieved" and whether an appeal would lie. An appeal was denied. Thereupon, defendant and plaintiff's sister filed a petition for a writ of mandamus in the Circuit Court of Dallas County to require the Probate Judge to grant the appeal from the judgment of restoration. An alternative writ of mandamus was issued commanding the Probate Judge to certify the papers and records with respect to the inquiry for restoration, or show cause why he should not do so. Respondent Probate Judge made return to the alternative writ, a hearing was had and the matter taken under advisement. When it appeared that the Circuit Court would issue a peremptory writ of mandamus to the Judge of the Probate Court, plaintiff [597] sought and secured from this court (Supreme Court) a preliminary rule in prohibition to prohibit the issuance of the peremptory writ of mandamus and the assumption of appellate jurisdiction (of the restoration to sanity inquiry) for a trial de novo. Upon a hearing in this court the preliminary rule in prohibition was discharged and a peremptory writ was denied. State ex rel. Wilkerson v. Skinker, 344 Mo. 359, 126 S. W. (2d) 1156.

On January 8, 1940, the restoration matter was heard de novo on appeal in the Circuit Court of Dallas County, a jury was waived, the evidence heard by the court and judgment entered. The judgment record contains the following recital: "The Court finds that said William T. Finley is a person of unsound mind and incapable of managing his own affairs and that his person and property should remain under the custody and care of Charles Farrar, his duly appointed, qualified, and acting guardian and curator." Judgment was entered upon this finding and no appeal was taken.

In addition to the foregoing evidence, three affidavits by plaintiff were in evidence. One dated March 29, 1939 and another dated December 7, 1939 recited that plaintiff did not understand his business; that he was incapable of managing his affairs; and that he wanted the Probate Court to arrange it so that he would have a guardian to look after his affairs and protect him. Another affidavit, dated December 7, 1939, recited that he had discharged his attorney and that no one was authorized to represent him in any court, except with the approval of his guardian. In one affidavit he admitted that strangers had beaten him out of most of his Texas property, but that his guardian, assisted by others, had recovered most of it for him.

Defendant offered in evidence a copy of a complaint filed by defendant as guardian or next friend for plaintiff, in the District Court of the United States for the northern District of Texas, Wichita Falls Division, to recover certain property of the plaintiff theretofore conveyed by plaintiff while insane and because of fraud of certain defendants therein. The decree entered by the said court in

the said cause was also in evidence. The decree recited that W. T. Finley had appeared by attorney and alleged that he was of sound mind and sought to dismiss the cause, but that the court found that he was of unsound mind, "at the time of the filing of this suit and at all times thereafter," and that the suit was properly filed and prosecuted by Charles Farrar, as next friend of W. T. Finley. A finding based upon a compromise agreement was entered as a part of the decree. It provided that defendant (as plaintiff in said cause) recover considerable property, leases and rights theretofore transferred by plaintiff.

The assignments of error by appellant are briefed under the following headings: (1) The Probate Court of Dallas County, as shown by its own record, was not legally constituted as a court, either in special or adjourned term, when it held the inquisition of insanity, found appellant to be of unsound mind and appointed a guardian of his person and estate; (2) the purported judgment of insanity, entered when court was not legally in session, is no judgment at all; (3) the purported judgment being no judgment it cannot form the basis of an estoppel or election of remedies; and (4) the judgment of insanity being a nullity, the Probate Court did not have jurisdiction to entertain the restoration proceedings instituted by plaintiff, and the Circuit Court on appeal therefrom did not acquire jurisdiction, and accordingly the restoration proceedings do not constitute an estoppel and the trial court erred in admitting evidence of said restoration proceedings in the Probate Court and in the Circuit Court.

We consider first the admissibility of said evidence mentioned, supra, and the sufficiency of such evidence and other evidence in the record to sustain defendant's plea of estoppel, because if plaintiff by his own acts and conduct, subsequent to the entering of said judgment of insanity against him, is now estopped, as against defendant, to question the validity of said judgment, it is wholly immaterial whether said judgment is valid, void or merely informal, irregular and erroneous, or whether the Probate Court of Dallas County was "in vacation" or "in session" when the alleged judgment was entered. In view of the conclusions we have reached, we may assume without deciding that the Probate Court of Dallas County was not in session when the judgment of insanity was rendered and that the judgment was void.

When a plaintiff invokes the jurisdiction of a court of equity for the specific purposes heretofore set forth, any act or conduct of plaintiff, which is within the [598] issues made by the pleadings and is otherwise competent, which tends to show that it would be inequitable to grant plaintiff the relief sought and which tends to defeat his right to the relief claimed, is admissible. There is no suggestion that the questioned evidence was not within the issues made by the pleadings. The sole objection to the evidence is that the Probate

Court of Dallas County, and the Circuit Court on appeal, had and acquired no jurisdiction to entertain the restoration proceedings, because there was no valid original adjudication of insanity. But defendant's defense directs our attention to the acts and conduct of the plaintiff with reference to the purported judgment of which he now complains and to his recognition of defendant as his duly appointed, qualified, acting guardian and curator, and asks whether he (plaintiff) is now entitled to relief in a court of equity.

The jurisdiction of this court in the prohibition proceedings and the jurisdiction of the Probate Court of Dallas County in the restoration proceedings was expressly invoked by plaintiff upon the primary basis or assumption that the judgment of August 17, 1938 of the Probate Court of Dallas County, wherein plaintiff was adjudged to be a person of unsound mind and defendant was appointed as his guardian and curator, was in truth and in fact a valid and subsisting judgment. State ex rel. Wilkerson v. Skinker, supra. That position was sustained and the causes tried and decided on that basis. Plaintiff and defendant were present and participated in the hearing on restoration before the Probate Court and then, subsequent to the granting of the appeal, they both appeared and participated in the hearing in the Circuit Court of said county, wherein it was found that plaintiff was of unsound mind and incapable of managing his own affairs and that his person and property should remain in the custody of defendant as his duly appointed, qualified and acting guardian and curator. In the prohibition proceeding in this court (Supreme Court) plaintiff and defendant were parties or privies to the proceeding wherein it was decided that the Circuit Court of Dallas County had jurisdiction to issue the peremptory writ of mandamus requiring the appeal to be granted from the judgment in the restoration proceeding and for a trial de novo in the Circuit Court. State ex rel. Snow Steam Pump Works v. Homer (banc), 249 Mo. 58, 75, 155 S. W. 405; State ex rel. Massman Construction Co. v. Shain, 344 Mo. 1003, 138 S. W. (2d) 649, 650. It may not now be contended that the evidence concerning such proceedings was inadmissible because neither the Circuit Court nor the Probate Court had jurisdiction of the restoration proceedings. That the plaintiff actually participated in these proceedings is the essential fact for our consideration. The estoppel contended for by defendant is not based upon the alleged void judgment of August 17, 1938, but upon the subsequent proceedings and the acts and conduct of plaintiff with reference to the alleged judgment, including plaintiff's solemn admissions of record recognizing it as a valid and subsisting judgment. The trial court did not err in admitting evidence of the proceedings and of the acts of plaintiff with relation to the judgment now sought to be set aside.

From the evidence in the record it appears that as early as September 16, 1938, plaintiff had appeared in the Probate Court

of Dallas County, in term time, in the matter of the estate of W. T. Finley, a person of unsound mind, a cause then purporting to be pending and in the course of administration in said court. He submitted himself to the jurisdiction of said court by invoking the jurisdiction of said Court for a hearing on restoration, and he participated in the proceedings pending therein. Harwell v. Magill, 348 Mo. 365, 153 S. W. (2d) 362, 364. His other acts and conduct and his participation in other proceedings have been set out, supra. May he now invoke the jurisdiction of a court of equity to annul and set aside said original judgment of insanity because of facts which he now claims make the judgment null and void? May he now withdraw from the defendant the protection of the orders and judgments of the Probate Court under which defendant has proceeded in the course of the administration of plaintiff's estate?

We think the case of State ex rel. Bartlett v. Littrell, Probate Judge (en banc), 325 Mo. 35, 26 S. W. (2d) 768, is decisive of the issues here presented. In that case one Bartlett had been, by the Probate Court of Carroll County, adjudged to be a person of unsound mind and incapable of managing his affairs. He had not appeared at the hearing, but the court appointed an attorney to represent him. His father was appointed guardian of his person and estate and qualified as such. Some six years later, Bartlett and his uncle petitioned the said [599] court for hearing on restoration. A hearing was held and it was determined that Bartlett was not restored to his right mind. The following year a proceeding was instituted in the Probate Court of Livingston County to determine Bartlett's sanity. Notice was given, he appeared, a hearing was had and it was determined that he was a resident of Livingston County, that he was of unsound mind, and a guardian and curator was appointed. Thereupon, the guardian appointed by the Probate Court of Carroll County, by motion, challenged the jurisdiction of the Probate Court of Livingston County on the ground that jurisdiction was in the Probate Court of Carroll County. This motion was overruled and he sought relief by prohibition proceedings in this court. In this court it was conceded that the original proceeding in the Probate Court of Carroll County adjudging Bartlett to be of unsound mind and appointing a guardian was void for want of a sufficient notice to give the court jurisdiction, but it was contended that the jurisdiction of the Probate Court of Carroll County was fixed by Bartlett's institution of the restoration proceedings in said court. This court held that Bartlett, having elected to proceed for restoration in the Probate Court of Carroll County could not thereafter question the validity of the judgment in the original proceeding, that he was a ward of the Probate Court of Carroll County, and that the Probate Court of Livingston County was without jurisdiction to entertain a proceeding as to his sanity.

Appellant contends that, "what was said by the Supreme Court in the Littrell case to the effect that the insane ward, by applying for an order of restoration, had taken a position 'inconsistent with the claim of no guardianship,' and 'could not, after judgment in that proceeding, question the validity of the judgment in the original proceeding,' was not necessary to a decision." We think it was essential to a decision in that case to determine whether the jurisdiction of the Probate Court of Carroll County had actually attached in the particular matter, so as to exclude the jurisdiction of the Probate Court of Livingston, and to determine how and why it had attached. See, State ex rel. Aetna Life Ins. Co. v. Knehans (Mo. App.), 31 S. W. (2d) 226, 228 (1, 2). The decision is based upon the fact that Bartlett had elected to appear and proceed by way of restoration proceedings and that he could not thereafter question the judgment in the original proceeding. Appellant further contends that the same result might have been reached in that case, but upon a different basis. We think the court reached a proper conclusion and upon correct principles of law.

In the Littrell case the original judgment was admitted to be void because of the insufficiency of the notice to confer jurisdiction. In this case it is contended the judgment is void because not rendered by a court in session and in term time. Appellant seeks further to distinguish the Littrell case because the void judgment of insanity under consideration in that case was rendered by "a court in session and . . . in term time and not by the judge and ex-officio clerk in vacation time, as here." We think the essential and decisive fact is that the original judgment was void. The reasons for it being void are wholly immaterial. If jurisdiction could and did attach in the one case by a subsequent appearance in the Probate Court in term time in the purported proceeding and by the institution and trial of a restoration proceeding therein, it could and would attach in the other. As Bartlett was estopped to question the original judgment in that case, so plaintiff is estopped in this case. We think the Littrell case is decisive and controllng.

It is unnecessary to determine whether plaintiff is further estopped by the judgment and decision in prohibition in this court, or whether the other facts in evidence constitute an estoppel. It will be unnecessary to consider the other assignments of error. The court did not err in dismissing plaintff's petition. The judgment is affirmed. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion of DALTON, C., is adopted as the opinion of the court. All the judges concur.